UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9351 PA (SSx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Amanda Vinci, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | | |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

The Court is in receipt of a Complaint filed by plaintiff L.A. Printex Industries, Inc. ("Plaintiff"). The Complaint alleges claims against 21 defendants — Amanda Vinci, Inc.; Saks Fifth Avenue; Loehmann's Inc.; Big M, Inc.; Daffy's, Inc.; Cornerstone Apparel, Inc.; Ross Stores, Inc.; Forever 21, Inc.; Burlington Coat Factory Warehouse, Inc.; N.J. Croce Co., Inc.; Buckle Brands, Inc.; United Retail Group, Inc.; One Step Up, Ltd.; Dillard's, Inc.; Mega Printex, Inc.; Unitex, Inc.; Icon Creations, Inc.; L.A.T., LLC; Impression G L; Bloom; and Frenzi ("Defendants") — for copyright infringement and vicarious and/or contributory copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, et seq. In particular, Plaintiff alleges that each of the Defendants willfully, intentionally, and maliciously "infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from [Plaintiff's design] and by producing, distributing and/or selling Infringing Garments . . . through a nationwide network of retail stores and through on-line websites." (Complaint at ¶¶ 47, 51.) Plaintiff also alleges that each of the Defendants "knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring" Plaintiff's design. (Complaint at ¶ 53.)

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the Complaint's factual allegations, Plaintiff's claims against Defendants do not appear to arise out of the same transaction or occurrence, given that many of the Defendants seem to produce, distribute or sell different items allegedly infringing on Plaintiff's copyright. The Court therefore orders Plaintiff to show cause in writing, no later than November 29, 2011, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9351 PA (SSx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Amanda Vinci, Inc., et al. | | |

F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). Defendants may file their responses no later than December 6, 2011. Alternatively, Plaintiff may file separate actions against each of the Defendants, with new complaints and filing fees.

    IT IS SO ORDERED.